IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No.: 5:16–CR–21
                                                  (JUDGE BAILEY)

SHAWNDALE SAUNDERS,

    Defendant.

## REPORT AND RECOMMENDATION

**I.    SUMMARY**

On June 7, 2016, the Defendant, Shawndale Saunders, was named in a two-count Indictment. ECF No. 1. Count One alleges that he conspired to distribute 280 grams or more of cocaine base. Count Two alleges the use of a telephone to facilitate distribution of cocaine base.

On February 28, 2017, the Court held an evidentiary hearing and argument regarding several of the Defendant's motions. The Defendant appeared in person and by counsel, Frankie C. Walker, II, Esq. The Government appeared by its counsel Stephen L. Vogrin, Esq.

This Report and Recommendation addresses only the Defendant's motions that argue for the suppression of evidence. In these motions, the Defendant raises several distinct arguments, however, the crux of his several motions is that the affidavits supporting two search warrants were so lacking as to render the search warrants without probable cause. The Court finds that the affidavits were sufficient to support a finding of probable cause. Therefore, the search warrants were valid. Thus, the Court is unpersuaded by each of the Defendant's arguments.

**II.    BACKGROUND**

Tim Starkey is an officer with the Belmont County Ohio Major Crimes Unit. On May 23, 2016, Officer Starkey was contacted by Detective Dave Drahos of the Wheeling, West

Virginia Police Department regarding the Defendant. Detective Drahos informed Officer Starkey that a large amount of crack cocaine was seized in the Northern District of West Virginia. Detective Drahos believed that the seized drugs were supplied by the Defendant. Detective Drahos further believed that the drugs were "fronted" thus, the drugs were provided on consignment and the individual in possession of the drugs still owed approximately $7,300 to the Defendant as payment for the drugs. The individual to whom the drugs were fronted was willing to cooperate as a confidential informant ("CI").

Officers arranged for the CI to pay the Defendant for the previously fronted drugs. The officers provided the CI with $7,300 in marked dollar bills and wired the CI with an audio and video recording device. The officers observed the CI enter and exit the Defendant's residence. However, the officers did not search the CI before he entered the Defendant's residence. After the $7,300 was paid for the previously fronted drugs and additional crack cocaine was fronted, the officers picked up the CI and recovered a large amount of crack cocaine, which the CI stated he acquired from the Defendant.

Following the delivery of the $7,300 and the new fronted crack cocaine, Officer Starkey drafted an affidavit and application for a search warrant for the Defendant's residence. Officer Starkey emailed the affidavit to the local prosecutor for review. The prosecutor advised that it "looked good." At 8:30 p.m., Officer Starkey presented the affidavit to Belmont County Judge Chris Berhalter. Judge Berhalter reviewed the affidavit and issued the search warrant. The search warrant authorized the search for "drugs, drug paraphernalia, guns, safe, cash, ledger, scales, electronic devices such as cell phones, computers, tablets, cameras or recording systems and the contents thereof that were either purchased, used or facilitated the use of drug transactions" located at "417 N. 7th St. upstairs rear apartment on the south side of the structure

Martins Ferry, Oh 43935." The officers executed the warrant and seized a variety of evidence related to drug trafficking.

Following the payment of the $7,300 and additional crack cocaine was fronted, officers initiated a traffic stop of the Defendant. The officers arrested him for trafficking cocaine. The officers found $7,300 in cash and four cellphones. Officer Starkey applied for a second search warrant to search the contents of the cellphones. The affidavit cited evidence of drug trafficking discovered in the search of the residence as well as Officer Starkey's experience that the cellphones may lead to information regarding drug trafficking. Judge Berhalter issued the warrant. The search of the cellphones contents was performed in London, Ohio.

### III.   DISCUSSION

The Defendant's motions argue several different legal theories. Therefore, the legal standards and analysis will be addressed for each motion separately.

#### A.   ECF No. 17 Motion to Suppress Evidence

The Fourth Amendment to the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, *but upon probable cause, supported by oath or affirmation*, and particularly describing the place to be searched, and the persons or things to be seized." (emphasis added).

The officers here relied upon a search warrant when executing the search. However, the Defendant argues that the affidavit, which the warrant was based on, was so lacking that there was no probable cause to support the warrant. Thus, the warrant was invalid and the search violated the Fourth Amendment. The Court is unpersuaded by this argument.

The affidavit was sworn by Officer Tim Starkey.[1] The affidavit recounts a controlled buy where a CI purchased drugs from the Defendant. The affidavit explains that the CI was recently involved in a seizure of a large amount of drugs and was willing to cooperate. The officers arranged for the CI to deliver $7,300 in cash to the Defendant to pay a debt for previously delivered drugs. The officers observed the CI enter an upstairs rear apartment at 417 N. 7th St. After the controlled buy, the affidavit recounts, the officers picked up the CI and recovered a large amount of crack cocaine. The CI stated that it was purchased from the Defendant. The affidavit relies on this transaction as its basis for probable cause.

"Generally, when an effort is made to establish probable cause for the issuance of a search warrant based on hearsay from an informant, 'it is necessary to consider all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information. The degree to which an informant's story is corroborated may also be an important factor.'" *United States v. DeQuasie*, 373 F.3d 509, 518-19 (4th Cir. 2004) (quoting *United States v. Hodge,* 354 F.3d 305, 309 (4th Cir. 2004)).

Applying the factors from *DeQuasie* shows that the affidavit here established probable cause. First, the CI's basis of knowledge was first hand. Indeed, the CI entered the home and was a party to the transaction. Second, the officers were able to corroborate a large portion of the CI's information. Indeed, the officers observed the CI enter the home and discovered drugs following the transaction. Therefore, the affidavit provided probable cause for the warrant.

During the hearing, the Defendant further attacked the affidavit. For example, the Defendant highlighted that the affidavit did not indicate whether the CI was recording the buy, whether funds were recovered from the buy, whether the CI actually saw drugs in the apartment, or whether the CI was searched before entering the apartment. These are valid criticisms and

---

[1] The affidavit was introduced at the hearing as ECF No. 84-1.

indeed the affidavit is not perfect. However, notwithstanding these criticisms the affidavit has met the applicable test to support a finding of probable cause.

Moreover, assuming arguendo that the affidavit was insufficient for a probable cause finding, the search is saved by the good faith exception. In *United States v. Leon*, 468 U.S. 897, 920 (1984) the Supreme Court explained that the exclusionary rule will not apply despite a lack of probable cause if the officers relied in good faith on a search warrant. Here, there is no evidence that the reliance on the search warrant was not in good faith.

Therefore, the Defendant's [ECF No. 17] Motion to Suppress should be DENIED.

### B.   ECF No. 21 Motion to Suppress Statements

The Defendant filed [ECF No. 21] a Motion to Suppress Statements. The Government advised the Court that it does not intend to introduce any statements at trial. ECF No. 82 at 9. Therefore, the Defendant's [ECF No. 21] should be DENIED as moot.

### C.   ECF No. 39 Motion to Suppress Search of Residence

The Defendant's [ECF No. 39] Motion to Suppress Search of Residence is largely overlapping with the Defendant's [ECF No. 17] Motion to Suppress Evidence. Indeed, both challenge the validity of the affidavit supporting the search warrant. The Defendant's Motion to Suppress Search of Residence, however, raises a new argument: not only was there not probable cause to search the residence, but there was also not probable cause to search for the specific items listed in the search warrant. The Court is unpersuaded by this argument.

The search warrant authorized a search for "drugs, drug paraphernalia, guns, safe, cash, ledger, scales, electronic devices such as cell phones, computers, tablets, cameras or recording systems and the contents thereof that were either purchased, used or facilitated the use of drug transactions." The Court finds that there is indeed probable cause to search for the listed

evidence given the nature of activities suspected of occurring at the residence. Indeed, Officer Starkey testified that this is the standard evidence searched for in drug related cases. Therefore, the Defendant's [ECF No. 39] Motion to Suppress Search of Residence should be DENIED.

### D. ECF No.s 44, 45, 55, 56, 57, & 60 Motions to Suppress Search of Cellphones

The Defendant made separate motions to suppress the searches of several cell phones. Each motion argues the same three points. First, the cell phones were analyzed outside of the jurisdiction in which the search warrant was obtained. Second, the search warrant was based upon an invalid search of the Defendant's residence. Third, the search warrant was not supported by probable cause. Furthermore, the Defendant's [ECF No. 60] Motion to Suppress Cell Phone Service Provider Data argues that this information should be suppressed as the fruit of the poisonous tree of the invalid cellphone searches. The Court is unpersuaded by each argument and will address each in turn.

The Defendant first argues that the search of the cellphones was improper because they were searched in a county beyond the authorizing judge's jurisdiction. Indeed, under Ohio law a judge may not issue a search warrant for items outside of the judge's jurisdiction. Here, a Belmont County judge issued a search warrant for cellphones located in Belmont County. The cellphones however, were analyzed in another county. This, however, is a standard practice. Indeed, many counties do not have their own crime laboratories. The Defendant does not direct the Court to any authority that this practice is a Fourth Amendment violation. Rather, the only cases the Defendant relies on involve a judge issuing a warrant for property entirely outside of the judge's jurisdiction. That is not the case here. Rather, the cellphones were seized in the proper county and merely transported out of the jurisdiction for analysis. Thus, the Court is unpersuaded by this argument.

Second, the Defendant argues, the search warrant for the cellphones was based on an improper search of his residence. As discussed more thoroughly above, the search was proper, therefore, the Court is unpersuaded by this argument.

Third, the Defendant argues that the search warrant authorizing the search of each cellphone lacked probable cause.[2] The Court is unpersuaded by this argument. Indeed, in similar language as the first affidavit, the second affidavit establishes probable cause that drug trafficking took place. The second affidavit differs, however, by asserting that the cellphones were used in furtherance of that drug trafficking. As the Government points out, circuits throughout the Country have recognized that cellphones are tools of the drug trafficking trade. *See United States v. Hammett*, 2014 WL 642501, at *1–2 (2d Cir. Feb. 20, 2014) (holding that cell phones are "tools that drug dealers often possess"); *United States v. Portalla*, 496 F.3d 23, 27 (1st Cir. 2007) (recognizing that "cell phones . . . [are] essential tools of the[ ] drug trade"); *United States v. Sasson*, 62 F.3d 874, 886 (7th Cir.1995) (describing possession of cell phones as "the usual 'trappings' of a person involved in the drug trade"); *United States v. Slater*, 971 F.2d 626, 637 (10th Cir.1992) (stating that a cell phone is a "recognized tool of the trade in drug dealing"). Therefore, there is probable cause that drug trafficking took place and that the cellphones were used in furtherance of that trafficking.

Moreover, because the cellphone searches were valid there is no fruit of the poisonous tree issue that would taint the data recovered from the cellphone service provider.

Therefore, the Defendant's [ECF No.s 44, 45, 55, 56, 57, and 60] Motions to Suppress Searches of Cellphones should be DENIED.

---

[2] This search warrant was introduced as ECF No. 84-2.

## V. RECOMMENDATION

The Court is unpersuaded by the Defendant's arguments and recommends that his motions to suppress, ECF No.s 17, 21, 39, 44, 45, 55, 56, 57, and 60 be DENIED.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

Dated: March 3, 2017         /s/ *James E. Seibert*
                             JAMES E. SEIBERT
                             U.S. MAGISTRATE JUDGE