IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      Criminal No. 5:16–CR–21

SHAWNDALE SAUNDERS,

      Defendant.

## REPORT AND RECOMMENDATION

**I.    SUMMARY**

On June 7, 2016, the Defendant, Shawndale Saunders, was named in a two-count Indictment. ECF No. 1. Count One alleges that he conspired to distribute 280 grams or more of cocaine base. Count Two alleges the use of a telephone to facilitate distribution of cocaine base.

On February 28, 2017, the Court held an evidentiary hearing and argument regarding several of the Defendant's motions. The Defendant appeared in person and by counsel, Frankie C. Walker, II, Esq. The Government appeared by its counsel Stephen L. Vogrin, Esq.

This Report and Recommendation addresses only the Defendant's [ECF No. 37] Amended Motion to Dismiss for Improper Venue/Lack of Jurisdiction. The Defendant's [ECF No. 37] Amended Motion amended the Defendant's [ECF No. 36] original motion which should be DENIED as moot because of the amendment.

The Defendant's [ECF No. 37] Motion is styled as a motion to dismiss for both improper venue and lack of jurisdiction. However, the motion only argues improper venue. Therefore, the Court will only consider an argument for improper venue. The Defendant's motion should be DENIED for two reasons. First, venue appears proper. Second, the motion is premature.

## II.  DISCUSSION

### A.  Venue Appears Proper

The Defendant argues that, "[o]n its face, the indictment alleges that the charged offenses took place at locations 'elsewhere' than the Northern District of West Virginia." ECF No. 37 at 4.  This, however, is an incomplete reading of the Indictment.  Rather, both counts in the Indictment allege that the crimes took place in the Northern District of West Virginia *and* elsewhere.  ECF No. 1 (emphasis added).

The Defendant further argues that the Indictment should be dismissed to the extent that it alleges acts that occurred outside of the Northern District of West Virginia.  However, simply because an act occurred *elsewhere* does not mean it cannot be prosecuted in this district.  Indeed, "[f]or some offenses, there may be more than one appropriate venue, or even a venue in which the defendant has never set foot." *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (quotations omitted).  For example, "a conspiracy may be prosecuted in any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed." *United States v. Gilliam*, 975 F.2d 1050, 1057 (4th Cir. 1992) (citations omitted).  Here, the Defendant is in fact charged with conspiracy.  Therefore, an act in furtherance of the conspiracy committed in the Northern District of West Virginia is sufficient to make venue proper in this district. Therefore, the Government has properly alleged venue.

### B.  The Motion is Premature

"[I]f an indictment properly alleges venue, but the proof at trial fails to support the venue allegation, an objection to venue can be raised at the close of the evidence." *United States v. Collins*, 372 F.3d 629, 633 (4th Cir. 2004) (quoting *United States v. Melia,* 741 F.2d 70, 71 (4th

Cir.1984)).  Thus, because the Government has properly alleged venue, the proper time to challenge venue is at the close of the Government's evidence and not pretrial.

### III.    RECOMMENDATION

For the forgoing reasons, the Court recommends that the Defendant's [ECF No.s 36 and 37] be DENIED.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

Dated: March 8, 2017                            /s/ *James E. Seibert*
                                                JAMES E. SEIBERT
                                                U.S. MAGISTRATE JUDGE