IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                             **Criminal No. 5:16-CR-21**
                                                                        Judge Bailey

**SHAWNDALE SAUNDERS**,

        Defendant.

## ORDER RULING ON MOTIONS AND OBJECTIONS

Pending before this Court are defendant's Motion to Suppress Evidence [Doc. 17], Motion to Suppress Statements [Doc. 21], Motion to Dismiss - Lack of Jurisdiction and Improper Venue [Doc. 36], Amended Motion to Dismiss - Lack of Jurisdiction and Improper Venue [Doc. 37], Motion to Suppress Search of Residence of Shawndale Saunders Located at 417 N. 7th Street, Martins Ferry, Ohio [Doc. 39], Motion in Limine - Audiotapes [Doc. 40], Motion in Limine - Chain of Custody [Doc. 41], Demand for Notice of Intent to Use Convictions More than Ten Years Old [Doc. 42], Motion to Suppress Search of Cell Phone AT&T ZTE s/n 322252701128 black [Doc. 44], Motion to Suppress Search of Cell Phone AT&T Samsung White with pink case s/n R38F30WAB6F [Doc. 45], Motion to Suppress Search of Cell Phone - White Iphone with a Black Case [Doc. 55], Motion to Suppress Search of Cell Phone Verizon Samsung Phone Blue Model SM-8311V UD cell phone [Doc. 56], Motion to Suppress Search of Cell Phone AT&T Samsung White s/n R28H235B6SP [Doc. 57], Motion to Suppress Data Obtained from Cell Phone Service

Providers [Doc. 60], Motion in Limine - Cell Phone Data [Doc. 61] and Adoption of Motions [Doc. 63], as well as two Reports and Recommendations issued by Magistrate Judge James Seibert [Docs. 86 and 96] and Defendant's Objections to Report and Recommendation that Pre-trial Motions Be Denied [Doc. 108].

**<u>Motions to Suppress</u>**

In his first Report and Recommendation, Judge Seibert recommended that the motions to suppress bearing Document Nos. 17, 21, 39, 44, 45, 55, 56, 57, and 60 be denied.  In so doing, Judge Seibert found the following facts:

Tim Starkey is an officer with the Belmont County Ohio Major Crimes Unit. On May 23, 2016, Officer Starkey was contacted by Detective Dave Drahos of the Wheeling, West Virginia Police Department regarding the Defendant. Detective Drahos informed Officer Starkey that a large amount of crack cocaine was seized in the Northern District of West Virginia.  Detective Drahos believed that the seized drugs were supplied by the Defendant. Detective Drahos further believed that the drugs were "fronted" thus, the drugs were provided on consignment and the individual in possession of the drugs still owed approximately $7,300 to the Defendant as payment for the drugs.  The individual to whom the drugs were fronted was willing to cooperate as a confidential informant ("CI").

Officers arranged for the CI to pay the Defendant for the previously fronted drugs. The officers provided the CI with $7,300 in marked dollar bills and wired the CI with an audio and video recording device.  The officers observed the CI enter and exit the Defendant's residence.  However, the

officers did not search the CI before he entered the Defendant's residence. After the $7,300 was paid for the previously fronted drugs and additional crack cocaine was fronted, the officers picked up the CI and recovered a large amount of crack cocaine, which the CI stated he acquired from the Defendant.

Following the delivery of the $7,300 and the new fronted crack cocaine, Officer Starkey drafted an affidavit and application for a search warrant for the Defendant's residence. Officer Starkey emailed the affidavit to the local prosecutor for review. The prosecutor advised that it "looked good." At 8:30 p.m., Officer Starkey presented the affidavit to Belmont County Judge Chris Berhalter. Judge Berhalter reviewed the affidavit and issued the search warrant. The search warrant authorized the search for "drugs, drug paraphernalia, guns, safe, cash, ledger, scales, electronic devices such as cell phones, computers, tablets, cameras or recording systems and the contents thereof that were either purchased, used or facilitated the use of drug transactions" located at "417 N. 7th St. upstairs rear apartment on the south side of the structure Martins Ferry, Oh 43935." The officers executed the warrant and seized a variety of evidence related to drug trafficking.

Following the payment of the $7,300 and additional crack cocaine was fronted, officers initiated a traffic stop of the Defendant. The officers arrested him for trafficking cocaine. The officers found $7,300 in cash and four cellphones. Officer Starkey applied for a second search warrant to search

the contents of the cellphones. The affidavit cited evidence of drug trafficking discovered in the search of the residence as well as Officer Starkey's experience that the cellphones may lead to information regarding drug trafficking. Judge Berhalter issued the warrant. The search of the cellphones contents was performed in London, Ohio.

In seeking suppression, the defendant argues that the affidavit supporting the warrant to search the residence was insufficient and that the warrant for the seizure and inspection of the cellphones constitutes fruit of the poisonous tree.

Accordingly, this Court must focus on the information provided to Judge Berhalter in the affidavit for the warrant. A review of the affidavit [Doc. 82-1] discloses the following information:

1. That Officer Starkey is an experienced officer with specialized training in the areas of case preparation, case investigation, drug enforcement, drug indentification, and clandestine lab investigation.

2. That Officer Starkey has been a member of the Belmont County Drug Task Force since 2010.

3. That Officer Starkey was contacted by Detective David Drahos of the Ohio Valley Drug Task Force, who provided the remainder of the information contained in the affidavit for warrant.

4. That the Ohio Valley Drug Task Force recently executed a search warrant in West Virginia, on a person other than Mr. Saunders, seizing a large amount of crack cocaine and marijuana.

5. The person ("CI") wished to cooperate and arranged for a controlled delivery

of 4 to 5 ounces of crack cocaine and for the CI to pay $7,300 for drugs previously fronted to the CI.

6. The drug transaction took place at Mr. Saunders' residence at 417 North Seventh Street in Martins Ferry, Ohio, in the upstairs rear apartment on the south side of the structure.

7. The residence is a two story structure cream in color with a brown roof and a covered porch in the rear of the second story.

8. The task force officers observed the CI enter the apartment where the sale was to occur.

9. After the deal was completed, the CI was picked up by the officers and provided a large amount of crack cocaine.

The Fourth Amendment to the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The officers here relied upon a search warrant when executing the search. However, the defendant argues that the affidavit, upon which the warrant was based, was so lacking that there was no probable cause to support the warrant. Thus, the warrant was invalid and the search violated the Fourth Amendment. As was the Magistrate Judge, this Court is unpersuaded by this argument.

"Generally, when an effort is made to establish probable cause for the issuance of a search warrant based on hearsay from an informant, 'it is necessary to consider all the

circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information. The degree to which an informant's story is corroborated may also be an important factor.'" ***United States v. DeQuasie***, 373 F.3d 509, 518-19 (4th Cir. 2004) (quoting ***United States v. Hodge***, 354 F.3d 305, 309 (4th Cir. 2004)).

Applying the factors from ***DeQuasie*** shows that the affidavit here established probable cause. First, the CI's basis of knowledge was first hand. Indeed, the CI entered the home and was a party to the transaction. Second, the officers were able to corroborate a large portion of the CI's information. The officers observed the CI enter the home and discovered drugs following the transaction. Therefore, the affidavit provided probable cause for the warrant. The Court notes that nothing in the affidavit was untrue or misleading.

During the hearing, the defendant further attacked the affidavit, by arguing that the affidavit did not indicate whether the CI was recording the buy, whether funds were recovered from the buy, whether the CI actually saw drugs in the apartment, or whether the CI was searched before entering the apartment. These are valid criticisms and indeed the affidavit is not perfect. However, notwithstanding these criticisms the affidavit has met the applicable test to support a finding of probable cause.

Moreover, assuming *arguendo* that the affidavit was insufficient for a probable cause finding, the search is saved by the good faith exception. In ***United States v. Leon***, 468 U.S. 897, 920 (1984), the United States Supreme Court explained that the exclusionary rule will not apply despite a lack of probable cause if the officers relied in good faith on a search

warrant. Here, there is no evidence that the reliance on the search warrant was not in good faith. In fact, Officer Starkey ran the affidavit by an assistant prosecuting attorney before presenting it to Judge Berhalter.

The defendant also challenges the items listed in the search warrant. The search warrant authorized a search for "drugs, drug paraphernalia, guns, safe, cash, ledger, scales, electronic devices such as cell phones, computers, tablets, cameras or recording systems and the contents thereof that were either purchased, used or facilitated the use of drug transactions." The Court finds that there is indeed probable cause to search for the listed evidence given the nature of activities suspected of occurring at the residence. Indeed, Officer Starkey testified that this is the standard evidence searched for in drug related cases.

The defendant also made separate motions to suppress the searches of several cell phones. Each motion argues the same three points. First, the cell phones were analyzed outside of the jurisdiction in which the search warrant was obtained. Second, the search warrant was based upon an invalid search of the defendant's residence. Third, the search warrant was not supported by probable cause. Furthermore, the defendant's [Doc. 60] Motion to Suppress Cell Phone Service Provider Data argues that this information should be suppressed as the fruit of the poisonous tree of the invalid cellphone searches. As was the Magistrate Judge, this Court is unpersuaded by each argument.

The defendant first argues that the search of the cellphones was improper because they were searched in a county beyond the authorizing judge's jurisdiction. Indeed, under Ohio law a judge may not issue a search warrant for items outside of the judge's jurisdiction. Here, a Belmont County judge issued a search warrant for cellphones located

in Belmont County. The cellphones however, were analyzed in another county. This, however, is a standard practice. Many counties do not have their own crime laboratories. The defendant has failed to cite any authority that this practice is a Fourth Amendment violation. Rather, the only cases the defendant relies on involve a judge issuing a warrant for property entirely outside of the judge's jurisdiction. That is not the case here. Rather, the cellphones were seized in the proper county and merely transported out of the jurisdiction for analysis.

Second, the defendant argues that the search warrant for the cellphones was based on an improper search of his residence. As discussed more thoroughly above, the search of the Martins Ferry residence was proper.

Third, the defendant argues that the search warrant authorizing the search of each cellphone lacked probable cause. In similar language as the first affidavit, the second affidavit establishes probable cause that drug trafficking took place. The second affidavit differs, however, by asserting that the cellphones were used in furtherance of that drug trafficking. As the Government points out, circuits throughout the Country have recognized that cellphones are tools of the drug trafficking trade. *See* **United States v. Hammett**, 2014 WL 642501, at *1–2 (2d Cir. Feb. 20, 2014) (holding that cell phones are "tools that drug dealers often possess"); **United States v. Portalla**, 496 F.3d 23, 27 (1st Cir. 2007) (recognizing that "cell phones . . . [are] essential tools of the[ ] drug trade"); **United States v. Sasson**, 62 F.3d 874, 886 (7th Cir. 1995) (describing possession of cell phones as "the usual 'trappings' of a person involved in the drug trade"); **United States v. Slater**, 971 F.2d 626, 637 (10th Cir. 1992) (stating that a cell phone is a "recognized tool of the trade in drug

dealing"). Therefore, there is probable cause that drug trafficking took place and that the cellphones were used in furtherance of that trafficking.

Moreover, because the cellphone searches were valid there is no fruit of the poisonous tree issue that would taint the data recovered from the cellphone service provider.

Finally, the defendant filed a Motion to Suppress Statements [Doc. 21]. The Government advised the Court and the defendant that it does not intend to introduce any such statements at trial. [Doc. 82 at 9]. Therefore, the defendant's Motion [Doc. 21] will be denied as moot.

For the reasons stated above, the motions to suppress [Docs. 17, 39, 44, 45, 55, 56, 57 and 60] will be denied.

**Motions to Dismiss for Improper Venue/Lack of Jurisdiction**

The defendant also filed a Motion to Dismiss - Lack of Jurisdiction and Improper Venue [Doc. 36] and an Amended Motion to Dismiss - Lack of Jurisdiction and Improper Venue [Doc. 37]. While the Motions are styled as motions to dismiss for both improper venue and lack of jurisdiction, the Motions only argue improper venue. Therefore, the Court will only consider an argument for improper venue. The defendant's motion will be denied for two reasons. First, venue appears proper. Second, the motions are premature.

The defendant argues that, "[o]n its face, the indictment alleges that the charged offenses took place at locations 'elsewhere' than the Northern District of West Virginia." [Doc. 37 at 4]. This, however, is an incomplete reading of the Indictment. Rather, both counts in the Indictment allege that the crimes took place in the Northern District of West Virginia **and** elsewhere. [Doc. 1] (emphasis added).

The defendant further argues that the Indictment should be dismissed to the extent that it alleges acts that occurred outside of the Northern District of West Virginia. However, simply because an act occurred elsewhere does not mean it cannot be prosecuted in this district. "For some offenses, there may be more than one appropriate venue, or even a venue in which the defendant has never set foot." **United States v. Ebersole**, 411 F.3d 517, 524 (4th Cir. 2005) (quotations omitted). For example, "a conspiracy may be prosecuted in any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed." **United States v. Gilliam**, 975 F.2d 1050, 1057 (4th Cir. 1992) (citations omitted). Here, the defendant is, in fact, charged with conspiracy. Therefore, an act in furtherance of the conspiracy committed in the Northern District of West Virginia is sufficient to make venue proper in this district. The Government has properly alleged venue.

"[I]f an indictment properly alleges venue, but the proof at trial fails to support the venue allegation, an objection to venue can be raised at the close of the evidence." **United States v. Collins**, 372 F.3d 629, 633 (4th Cir. 2004) (quoting **United States v. Melia**, 741 F.2d 70, 71 (4th Cir. 1984)). Thus, because the Government has properly alleged venue, the proper time to challenge venue is at the close of the Government's evidence and not pretrial.

Defendant's Motions [Docs. 36 and 37] will be denied.

## Motions in Limine

The defendant has filed three motions in limine, Motion in Limine - Audiotapes [Doc. 40], Motion in Limine - Chain of Custody [Doc. 41], and Motion in Limine - Cell Phone Data

[Doc. 61].

With respect to the first Motion, the defendant seeks (1) to prohibit the United States from introducing into evidence any audiotapes or videotapes without laying a proper foundation therefor; (2) to require notice of the intent of the United States to use a transcript of any recording with a copy of the transcript, re-recording, or enhanced recording sufficiently in advance of trial that the defense may compare such item to the original and raise any objection thereto; and (3) for the Court instruct the jury that the recording is the only evidence before the jury and that the transcript is a mere tool to understanding the evidence which is controlled by the recording.

Since the above is the standard procedure which this Court follows in cases where an audio or video tape is used, the Motion will be denied as moot.

The second Motion seeks prohibit the Government from introducing any evidence of the analysis of drugs allegedly seized directly or indirectly from Shawndale Saunders without establishing an appropriate chain of custody therefore and further moves to prohibit the United States from introducing the drugs themselves or any alleged cutting agent or paraphernalia without establishing a proper chain of custody therefore.

Again, it is the aim of this Court to follow the law and the Rules of Evidence. The Motion will be denied as moot.

In the final Motion, the defendant seeks to prohibit the Government from attempting to introduce any cell phone records not related to the times of the Indictment or without appropriate testimony by a witness with personal knowledge.

Again, it is the aim of this Court to follow the law and the Rules of Evidence. The Motion will be denied as moot.

**Motion No. 42**

The defendant has filed a Demand for Notice of Intent to Use Convictions More than Ten Years Old [Doc. 42]. The Government has responded with the requested information. Accordingly, the Motion is moot.

**Motion No. 63**

In this document, which has been deemed a motion, by the Clerk's Office, the defendant advises that he adopts the motions filed by John Schwab, Esq. and identified as Docket entries 17, 18, 19, 20, and 21.

This Court, having been so advised and having ruled upon the listed Motions, will deny the "Motion" as moot.

For the reasons stated above, this Court does hereby:

A. Adopt the two Reports and Recommendations of Magistrate Judge Seibert [**Docs. 86 and 96**];

B. Deny the Motion to Suppress Evidence [**Doc. 17**], Motion to Dismiss - Lack of Jurisdiction and Improper Venue [**Doc. 36**], Amended Motion to Dismiss - Lack of Jurisdiction and Improper Venue [**Doc. 37**], Motion to Suppress Search of Residence of Shawndale Saunders Located at 417 N. 7th Street, Martins Ferry, Ohio [**Doc. 39**], Motion to Suppress Search of Cell Phone AT&T ZTE s/n 322252701128 black [**Doc. 44**], Motion to Suppress Search of Cell Phone AT&T Samsung White with pink case s/n R38F30WAB6F [**Doc. 45**], Motion to Suppress Search of Cell Phone - White Iphone with a Black Case [**Doc. 55**], Motion to Suppress Search of Cell Phone Verizon Samsung Phone Blue Model SM-8311V UD cell phone [**Doc. 56**], Motion to Suppress Search of Cell Phone

AT&T Samsung White s/n R28H235B6SP [**Doc. 57**], Motion to Suppress Data Obtained from Cell Phone Service Providers [**Doc. 60**], as well as and Defendant's Objections to Report and Recommendation that Pre-trial Motions Be Denied [**Doc. 108**];

   C. Deny as moot the Motion to Suppress Statements [**Doc. 21**], Motion in Limine - Audiotapes [**Doc. 40**], Motion in Limine - Chain of Custody [**Doc. 41**], Demand for Notice of Intent to Use Convictions More than Ten Years Old [**Doc. 42**], Motion in Limine - Cell Phone Data [**Doc. 61**] and Adoption of Motions [**Doc. 63**].

  It is so **ORDERED**.

  The Clerk is directed to transmit copies of this Order to any counsel of record herein.

  **DATED:** April 3, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE